UNITED STATES *v.* ALATARY MICA Co. (No. 3179)[1]

[1] T. D. 43692.

United States Court of Customs and Patent Appeals, November 4, 1929

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.
*Lamb & Lerch* (*J. G. Lerch* of counsel) for appellee.

[Oral argument October 17, 1929, by Mr. Igstaedter and Mr. Lerch]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a decision of the first division of the United States Customs Court in reappraisement of certain Madagascar mica shipped from France on October 22, 1925, and entered on a consigned form of invoice. The local appraiser substantially advanced the entered value, and the importer consignee appealed to reappraisement. Associate Justice Fischer, sitting in reappraisement, appraised the merchandise at its entered value, and the Government appealed. The decision of the Appellate Division affirmed the decision of the lower court and found that the entered value, as found by the lower court, represented the export and foreign value of this merchandise on the date of shipment. From its judgment entered in accordance with its decision, the Government appeals to this court.

The principal contentions of the Government are:

1. The invoice value on a consigned form of invoice is not evidence of any market value, especially in view of the fact that the invoice in question was not made in compliance with section 481, subdivision (6), Tariff Act of 1922, or with article 246, subdivision (6) of the Customs Regulations of 1923.

2. The invoice as made out did not comply with the law and the regulations, *supra*.

3. Compliance with the law and regulations is a condition precedent to a reappraisement.

4. There was no evidence to sustain the entered value.

There are two major questions involved:

(1) Whether the importer has sufficiently complied with section 481, Tariff Act of 1922, to enable him to appeal to reappraisement.

(2) Is there any substantial evidence in the record sustaining the entered value of the merchandise as found by the court?

The first is a pure question of fact, as to which the court made no finding. It is conceded that the merchandise in question was con-

signed and not purchased. Subdivision (b) of paragraph 10 of section 481 reads as follows:

If the merchandise is shipped to a person in the United States by a person other than the manufacturer, otherwise than by purchase, such person shall state on the invoice the time when, the place where, the person from whom such merchandise was purchased, and the price paid therefor in the currency of the purchase, stating whether gold, silver, or paper.

Section 501, providing for appeals to reappraisement, contains the following:

No such appeal filed by consignee or his agent shall be deemed valid unless he has complied with all of the provisions of this act relating to entry and appraisement of such merchandise.

If the consignor was not the producer or manufacturer of the mica the law has not been complied with, the information required by said paragraph 10 of section 481 not being stated on the invoice, and the appeal of the importer was invalid. Whether the consignor was the producer or manufacturer or was a purchaser of the mica for resale is a question of fact upon which there is conflicting evidence, and as to which the Customs Court should make a finding.

Upon the question of value of the mica, the Customs Court simply held that the weight of the evidence sustained the finding of the single justice sitting in reappraisement, but made no finding of fact upon which such conclusion was based. The Government earnestly contends that the court must have held that the consigned form of invoice was some evidence of value of the merchandise covered by it, and that the court erred in so holding; but, there being no findings of fact by the lower court, we do not know whether it so held or not. From a reading of the decision we might infer that the court held that the value of mica of first grade or quality was proven, and that the value of the mica here in question was 20 per centum less than such value. If such was the finding of the court, then it would be a question for us to determine whether there was any substantial evidence to support such finding. On the other hand, if the court held that the values stated in the consigned form of invoice was evidence of value and based its ultimate finding thereon; then it would be a question of law for us to determine whether such form of invoice could be considered in determining value. This court, in reappraisement cases, can pass upon questions of law only, and we should have before us findings of fact by the lower court, as the law requires, to enable us to properly pass upon such questions of law as may arise.

For the reasons stated, the judgment is *reversed* and the case is *remanded* with instructions to make findings of fact upon the question of whether the consignor of the merchandise was a manufacturer or producer thereof, and the facts upon which it bases its conclusion that the entered value, as found by the lower court, represents the export and foreign value of this merchandise on the date of shipment.